*721 OPINION.
MoRRis:
Since, during the years in controversy, petitioner regularly sold personal property on the installment plan, and has elected to return the income from sales made on that plan in accordance with the method prescribed by section 212 (d) of the Revenue Act of 1926, it can not be deprived of the right to so return the income from installment sales solely on the ground that its books of account were not maintained on the installment sales basis. Meeting all other requirements of the statute, the petitioner is entitled to return its income from installment sales in accordance with the installment sales method, if the books of account contain sufficient information and were kept so that income can be accurately computed by that method. L. S. Weeks Co. v. Commissioner, 6 B. T. A. 300; Warren Reilly v. Commissioner, 7 B. T. A. 1327.
*722 The petitioner’s books of account contain sufficient information upon which to predicate a computation of income on the installment sales basis; and its income and invested capital, for the years in controversy, should be redetermined upon that basis in accordance with the principles and procedure laid down in the decision of this Board in the Appeal of Blum’s, Incorporated, 7 B. T. A. 737.

Judgment will be entered on 15 days’ notice, under Bule 50.

Considered by Trammell and Littleton.